United States District Court
Southern District of Texas
**ENTERED**
September 29, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RAFAEL RUIZ | § | |
|     Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. M-14-921 |
| | § | |
| | § | |
| DR. STEVEN MERCADO, et al. | § | |
|     Defendants | § | |

## REPORT & RECOMMENDATION

Pending before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP") on appeal from the Court's dismissal of his claims pursuant to 42 U.S.C. § 1983. (Dkt. Entry No. 26.) This motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

Having considered Plaintiff's pleading, the record, and the relevant law, the undersigned respectfully recommends that Plaintiff's motion for leave to proceed IFP on appeal be **DENIED** and the Court certify that the appeal is not taken in good faith.

### I. APPLICABLE LAW & FINDINGS

On March 23, 2016, this Court, after consideration of Plaintiff's objections, adopted the undersigned's findings and conclusions and summarily dismissed Plaintiff's § 1983 claims against the Defendants. (Dkt. Entry No. 21.) Plaintiff's claims were based on Defendants' alleged deliberate indifference to Plaintiff's serious medical needs and the inadequate medical care he received at the TDCJ prison in Edinburg, Texas, following an ankle/leg injury he incurred while playing sports during recreation time. He sought monetary damages, and he named as defendants the medical providers, including a doctor, physician assistant, and nurse, a TDCJ officer, and the

1

TDCJ Executive Director. No answer was filed, but the Attorney General of Texas provided a *Martinez* report in response to this Court's order. Plaintiff's claims were dismissed for failure to state a claim and/or as frivolous under 28 U.S.C. §§ 1915A and 1915(e)(2), and 42 U.S.C. § 1997e(c)(1). Plaintiff was proceeding IFP.

Plaintiff has filed notice of appeal from the dismissal of his claims and moves for leave to proceed IFP on appeal. Plaintiff proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (explaining that pro se pleadings are held to less stringent standards than those drafted by attorneys). Plaintiff was incarcerated in a Texas prison when he filed his civil rights action. He was released recently, but that has no impact on the Court's ability to certify that Plaintiff's appeal is not taken in good faith. *See generally Baugh v. Taylor*, 117 F.3d 197, 199–200 (5th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(a)(3), and Fed. R. App. P. 24(a)(3), a court may certify in writing that an appeal is not taken in good faith. *See also Howard v. King*, 707 F.2d 215, 219–220 (5th Cir. 1983). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Howard*, 707 F.2d at 219.

The undersigned concludes that Plaintiff's motion for leave to proceed IFP on appeal should be denied and that his appeal is not taken in good faith. As explained in the Report and Recommendation dated February 10, 2016, Plaintiff's claims against the Defendants were frivolous and failed to state a claim for a number of reasons. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face"); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint is frivolous when it "lacks an arguable

basis either in law or in fact"). Plaintiff's claims were subject to dismissal under the screening statutes because Plaintiff's allegations—no matter how true—failed to plausibly allege deliberate indifference or did not begin to rise to the level of deliberate indifference, which is a vital requirement for a claim predicated on the Eighth Amendment. As detailed in the Report & Recommendations, the record showed that Plaintiff received initial and ongoing medical care for the injury, beginning the day of the injury and culminating in an orthopedic consult and surgery a few weeks later in Galveston, Texas. Further, many of his allegations, such as his complaints about the course of treatment, the medical providers' failure to properly diagnose his injury at the outset, and the failure by staff to respond to Plaintiff's complaints and concerns in a manner he preferred, did not rise to a level of constitutional significance under the Eighth Amendment to the extent his allegations sounded in negligence or were predicated on his personal disagreement with the opinions of the medical providers and his course of treatment. The Report relied on case law to show that the mere existence of under-treated pain under the circumstances Plaintiff alleged and in light of the many uncontested medical records did not plausibly suggest that prison officials acted with deliberate indifference—*i.e.*, the unnecessary or wanton infliction of pain or discomfort repugnant to the conscience of mankind. The Report & Recommendations also explained that Plaintiff's claims against TDCJ officials in their official capacity were barred by the Eleventh Amendment, and it explained that Plaintiff failed to allege any basis for establishing "supervisory" liability under § 1983.

In his objections to the Report & Recommendations, Plaintiff complained about some of the materials included in the *Martinez* report, such as an affidavit by Dr. Bower (which was not relied upon in the Report & Recommendations), and the prison's use of telephones and video in the

provision of medical care on the weekends, but it is evident that none of the objections strengthened his claims in any meaningful way. Ultimately, Plaintiff could not avoid the dismissal of claims under de novo review and the screening statutes.

In sum, the case law, findings, and conclusions contained in the Report & Recommendations—and the Court's review of the case in response to Plaintiff's objections—demonstrate why this appeal should be certified as "not taken in good faith." Accordingly, the motion to proceed IFP on appeal should be denied.

## II. CONCLUSION

### *Recommended Disposition*

Having considered Plaintiff's pleading, the record, and the relevant law, the undersigned respectfully recommends that the Court certify that Plaintiff's appeal is not taken in good faith. It is also recommended that, notwithstanding Plaintiff's financial status, Plaintiff's motion to proceed IFP on appeal be denied.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

**DONE** at McAllen, Texas, this 28th day of September, 2016.

_____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE